# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKINNEY CAPITAL & ADVISORY GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SILVER ARCH CAPITAL PARTNERS LLC, a New Jersey limited liability company,<br><br>Defendants. | Case No.: 3:20-cv-00043 BEN (WVG)<br><br>**ORDER (1) GRANTING MOTION TO TRANSFER VENUE AND (2) TRANSFERRING CASE TO SOUTHERN DISTRICT OF NEW YORK** |

Presently before the Court is Defendant Silver Arch Capital Partners LLC's ("Silver Arch") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York, or, in the alternative dismiss this action pursuant to the doctrine of *forum non conveniens*. Plaintiff McKinney Capital & Advisory Group LLC ("McKinney") filed an opposition and Silver Arch filed a reply in support of the motion. Having reviewed the parties' arguments and the law, the Court **GRANTS** Silver Arch's Motion and **TRANSFERS** this case to the United States District Court for the Southern District of New York.

///

I.     **Background**

This case concerns the refinancing of a loan on real property. The facts at issue in this motion are not in dispute and are taken from McKinney's Complaint.

In 2019, McKinney contacted Silver Arch to refinance a loan on real property located in Oakland, California. Compl., ECF No. 1-3, ¶ 8. On March 1, 2019, Silver Arch provided McKinney a Term Sheet for the proposed refinancing loan. *Id.* at ¶ 9. McKinney, through an authorized agent, signed the Term Sheet and returned it to Silver Arch on March 6, 2019. *Id.* at ¶ 11. The Term Sheet contained several provisions, some of which were binding and some of which were non-binding. *Id.* at ¶ 14. Silver Arch then sent McKinney a Commitment Letter on March 26, 2019, which McKinney signed and returned to Silver Arch. *Id.* at ¶ 15. McKinney alleges the Commitment Letter "made the entire Term Sheet binding on the parties as the commitment was 'based on the term's [sic] conditions, and requirements of the Term Sheet.'" *Id.*

At issue here is a forum selection clause contained in the Term Sheet. Silver Arch seeks to invoke the forum selection clause to transfer this case to the Southern District of New York. Mot., ECF No. 5-1, 3. McKinney argues the forum selection clause is non-binding, that it never assented to the forum selection clause, and that private interest factors weigh against enforcing the forum selection clause. Opp'n., ECF No. 8, 4-9.

II.    **Discussion**

A court may transfer a case "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Consent may be evidenced through agreement to a forum selection clause in a contract. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013). The Court applies federal law to determine the enforceability of a forum selection clause. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d

509, 513 (9th Cir. 1988)).  Where the parties have "previously agreed by contract for a specific federal district to hear their disputes, § 1404(a) facilitates enforcement of the forum selection clause by transfer to the agreed-upon venue." *Rahimi v. Mid Atlantic Professionals, Inc.*, No. 18-CV-00278-CAB-KSC, 2018 WL 3207382, at *2 (S.D. Cal. Jun. 29, 2018) (citing *Atlantic Marine*, 571 U.S. at 59).

      Silver Arch argues the forum selection clause is valid and binding on the parties because McKinney executed the Term Sheet on March 6, 2019, assenting to its terms including the forum selection clause.  Mot., ECF No. 5-1, 2.  McKinney avers, arguing that the forum selection clause in the Term Sheet was non-binding.  Opp'n., ECF No. 8, 4.  Silver Arch counters that even if the forum selection clause was initially non-binding, McKinney later made the term binding by acknowledging the Commitment Letter on March 26, 2019.  Reply, ECF No. 9, 2-3.

      The Court first addresses whether the forum selection clause contained in the Term Sheet was binding when McKinney signed the document on March 6, 2019.  It was not.  The Term Sheet explicitly states: "This Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above."  The Term Sheet provided by Silver Arch is distinguishable from the term sheet provided in the parties' cited case, *Stearns v. Catalus Capital, LLC*, No. 13-CV-2514-WJM-KMT, 2015 U.S. Dist. LEXIS 96188, ECF No. 48-1.  In *Stearns*, the term sheet expressly stated a governing law provision was excluded from the non-binding provisions.  *Id*. at 4.  Here, Silver Arch did not list the governing law or forum selection clauses of the Term Sheet as being binding.  Silver Arch argues that interpreting the Term Sheet as making most of its terms non-binding would render many of its sections "superfluous."  Reply, ECF No. 9, at 2.  That may be true.  Silver Arch could easily correct this deficiency in future term sheets by indicating, as the lender in *Stearns* did, that the governing law and forum selection clauses were binding.

Despite this initial defect, the forum selection clause in the Term Sheet became binding when McKinney signed the Commitment Letter on March 26, 2019. McKinney's own Complaint supports this conclusion:

> 14.  The Disclosure section of the Term Sheet states that "[t]his Term Sheet shall be non-binding with the exception of the Break-up Fee, indemnification against expenses, and Due Diligence charges above.
>
> 15.  Consequently, the Term Sheet's clauses concerning the Break-up Fee, indemnification against expenses, and Due Diligence charges became binding on the Parties when they signed the sheet. *Further, the Commitment Letter made the entire Term Sheet binding on the parties as the commitment was "based on the term's* [sic] *conditions, and requirements of the Term Sheet*."

Compl., ECF No. 1-3, ¶¶ 14-15 (emphasis added). Little more need be said. McKinney's Complaint alleges all the Term Sheet's conditions, which included the forum selection clause, were binding on the parties upon the signing of the Commitment Letter on March 26, 2019. McKinney cannot now try to argue those terms were not binding or procured by fraud. Accordingly, the Court finds the forum selection clause became binding on the parties when McKinney signed the Commitment Letter.

Typically, a court must weigh convenience of the parties and public interest considerations in determining whether transferring a case is appropriate. *Atlantic Marine*, 571 U.S. at 62. The presence of a valid forum selection clause changes the Court's analysis in three ways. *Id*. at 63. "First, the plaintiff's choice of forum merits no weight." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion forum selection clause should not consider arguments about the parties' private interests." *Id*. at 64. "Third, when a party bound by a forum selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id*. Considering these factors,

McKinney's arguments about choice of forum and its private interests in litigating this case in California must be given no weight.

McKinney acknowledges that it "bears the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.*; Opp'n., ECF No. 8, 3-4. It has not met that burden here. Accordingly, transfer of this case to enforce the valid forum selection clause is appropriate.

### III. Conclusion

For the foregoing reasons, Silver Arch's Motion to Transfer Venue is **GRANTED**. This action is **TRANSFERRED** to the United States District Court for the Southern District of New York for further proceedings pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: July 29, 2020

Hon. Roger T. Benitez
United States District Judge